MAJOR VON BOKELMAN, APPELLANT, V. MAURICE H. SIGLER,
WARDEN, NEBRASKA PENAL COMPLEX, APPELLEE.

183 N. W. 2d 267

Filed January 29, 1971. No. 37667.

Major Von Bokelman pro se.

Clarence A. H. Meyer, Attorney General, and Melvin
K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the dismissal of a petition for
habeas corpus, specifically attacking the administrative
application of section 83-1,111(5), R. S. Supp., 1969.
(Laws 1969, c. 817, § 42(5), p. 3094.)

Section 83-1,111(5), R. S. Supp., 1969, is as follows:
"If the board fixes no earlier release date, a committed
offender's release under supervision shall become man-
datory at the expiration of his maximum term of im-
prisonment, less good time reductions allowed in accord-
ance with the provisions of this act, or three months
prior to discharge, whichever is earlier. Nothing here-
in shall require the mandatory release under super-
vision of an offender who has violated his parole within
three months of the date when his release would other-
wise be mandatory."

It is the construction of the last sentence quoted above
to which appellant takes exception. The questioned sen-
tence is not ambiguous and is intended to permit ex-
clusion of the specified offender from the benefits of the
section.

From his argument, it appears appellant's problem is his construction of section 38 of the act, now section 83-1,107, R. S. Supp., 1969. (Laws 1969, c. 817, § 38, p. 3092.) He construes this act as applicable toward discharge rather than to determine eligibility for release on parole or mandatory release under supervision, as now applied by the chief executive officer of the facility.

The following language of section 83-1,107, R. S. Supp., 1969, is conclusive on the intent of the act: "The total of all such reductions shall be deducted: (a) From his minimum term, *to determine the date of his eligibility for release on parole;* and (b) From his maximum term, *to determine the date when his release under supervision becomes mandatory* under the provisions of section 83-1,111." (Italics supplied.) We interpret section 83-1,107, R. S. Supp., 1969, to apply toward eligibility for parole or release under supervision, rather than for absolute discharge as under previous statutes.

There is no merit to appellant's contention, and the judgment of dismissal is affirmed.

AFFIRMED.