ROBERT D. LYTLE, APPELLANT, V. JOSEPH C. VITEK,
DIRECTOR OF CORRECTIONS, ET AL., APPELLEES.

280 N. W. 2d 654

Filed June 26, 1979. No. 42326.

T. Clement Gaughan, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is a declaratory judgment action brought by an inmate of the Nebraska Penal and Correctional Complex to determine whether the applicable statutes as to parole and discharge from custody had been properly interpreted and applied in depriving him of meritorious good-time credits earned prior to a discretionary parole, and in computing his release date for discharge from custody. The District Court found the statutes had been properly applied and dismissed the petition.

On March 22, 1974, after conviction on a charge of robbery, petitioner, Robert D. Lytle, was sentenced to 5 years imprisonment in the Nebraska Penal and Correctional Complex. On June 23, 1976, he was granted a discretionary parole. At the time of pa-

role, petitioner had accumulated 3 months 27 days meritorious good-time credit. Thereafter petitioner violated his parole and was found guilty of parole violation after notice and hearing. On August 5, 1976, his parole was revoked.

On January 31, 1978, the petitioner filed this action for declaratory judgment alleging that he had requested his exact date of release from custody and had been informed that it was April 6, 1979. Petitioner concedes that certain adjustments resulting from his conduct after August 5, 1976, were proper but contends that the release date of April 6, 1979, constituted a full 5-year sentence without reduction for the 3 months 27 days of meritorious good-time credits he had earned prior to his discretionary parole.

Petitioner relies on the provisions of section 83-1,107 (2), R. S. Supp., 1974. That section dealt with reduction of sentences for both ordinary and meritorious good time. Subsection (2) provided: "Reductions of such terms may be forfeited, withheld and restored by the chief executive officer of the facility after the offender has been consulted regarding the charges of misconduct. *No reduction of an offender's term for especially meritorious behavior or exceptional performance of his duties shall be forfeited or withheld after an offender is released on parole."* (Emphasis supplied.) The Legislature amended many of the applicable statutes in 1975 and the emphasized language quoted above was completely omitted.

It should be noted here that section 83-1,107, R. S. Supp., 1974, made the granting of ordinary good time mandatory by the use of the word "shall," while meritorious good time was discretionary and was to be granted for not to exceed 5 days for any month of imprisonment. Both types of good-time reductions under the 1974 statute were applicable only to release on parole. See Von Bokelman v. Sigler, 186

Neb. 378, 183 N. W. 2d 267. The only good-time credits we are concerned with in this case are meritorious good-time credits.

The petitioner takes the position that meritorious good time was mandatory in the same sense as ordinary good time. He contends that it was a part of the sentence and, therefore, could not be changed to his detriment. It is obvious that statutory authorization for the discretionary granting of meritorious good time by the Board of Parole at a future date was not part of any sentence, and that provisions with respect to it could be changed, at least prospectively, at any time. Here the petitioner was not paroled until approximately a year after the statute had been changed and at the time of his parole the language he relies on was no longer a part of the statutes. There can be no doubt that petitioner's reliance on statutory language which was repealed is unfounded.

Some statutory history is necessary here. Until 1969 good-time credits were applied to reduce the maximum term of a sentence and the statutes required discharge from custody rather than release on parole when time limits had been met. From 1969 until 1975 the statutes continued to provide for discretionary parole but provided for mandatory release on parole rather than the mandatory discharge from custody required by prior and subsequent statutes. In 1975 the statutes basically returned to the pre-1969 system and the statutes now have no provision for mandatory parole but instead require discharge from custody when the time served in custody and on parole equals the maximum term, less all good-time reductions granted.

Although the petitioner relies primarily on a portion of the 1974 statute since repealed, he also testified that he had never been consulted as to forfeiture of any good-time credits which had accrued prior to his release on parole. His position is that there was

no way in which his meritorious good time could be forfeited in the absence of consulting with him as provided by statute. That position completely ignores the provisions of section 83-1,123, R. R. S. 1943, which governs and controls this case.

Section 83-1,123, R. R. S. 1943, was in effect at all times relevant here. It provides: "(1) A parolee whose parole is revoked shall (a) Be recommitted for the remainder of his maximum prison term, deducting the period served on parole prior to the violation; and (b) be treated as an escaped prisoner until apprehended and returned to the Department of Correctional Services.

"(2) The time from the date of his declared delinquency until the date of his arrest for the custody of the Board of Parole shall not be counted as any portion of the time served.

"(3) A parolee whose parole has been revoked shall be considered by the Board of Parole for reparole at any time in the same manner as any other committed offender eligible for parole. * * *"

That statute specifically deals with a parolee whose parole is revoked. It requires that such a prisoner be recommitted for the remainder of his maximum prison term, deducting only the period served on parole prior to the violation. The statute by its terms establishes a new prison term, wiping out any previous credits except for discretionary reparole. It certainly does not require that a prisoner be consulted again with regard to charges of parole violation or be specifically advised that previously earned good-time credits have been forfeited. It is ludicrous to contend that a prisoner who has had his parole revoked after hearing must be further consulted about the statutory effect of the parole revocation and its effect on the date of his ultimate release from custody before any meritorious good time can be forfeited.

Under current statutes the petitioner was still enti-

tled to all his good-time credits for purposes of a discretionary reparole. He was not entitled to a discharge from custody until the remainder of his maximum prison term had been served. The District Court was correct in determining that once the petitioner's parole was revoked the statutes required that he be recommitted for the remainder of his maximum prison term for purposes of a release and discharge from custody.

The judgment of the District Court is affirmed.

AFFIRMED.

HASTINGS, J., not participating.