REQUESTED BY: Donald F. Best, Acting Director of Department of Correctional Services
Under the provisions of Neb.Rev.Stat. § 83-1,123 (Reissue 1976) does a parolee forfeit, by operation of statute, his statutory good-time upon a parole revocation?
May a prisoner committed to the custody of the Department of Correctional Service following a parole revocation have any portion of the statutory good-time forfeited pursuant to Neb.Rev.Stat. § 83-1,123 (Reissue 1976) restored to him by the Director of the Department of Correctional Services?
Are work release and furloughs considered a form of parole?
Yes, but he remains eligible for reparole at the discretion of the Board of Parole.
No.
Yes.
1. You have asked whether Neb.Rev.Stat. § 83-1,123 (Reissue 1976) requires the automatic forfeiture of statutory good-time when a prisoner's parole is revoked. The Supreme Court clearly answered this question in the case of Lytlev. Vitek, 203 Neb. 825, 280 N.W.2d 654 (1979). The petitioner in that case challenged whether he was properly deprived of good-time credits earned prior to his parole. The Supreme Court held that once a prisoner's parole was revoked § 83-1,123 required that he be recommitted for the remainder of his maximum prison term.
After reviewing § 83-1,123 the court stated that the `statute specifically deals with a parolee whose parole is revoked. It requires that such a prisoner be recommitted for the remainder of his maximum prison term, deducting only the period served on parole prior to the violation.' Id.203 Neb. at 828, 280 N.W.2d at 656. It should be noted that 83-1, 123 was not amended by the passage of LB 567, Laws 1975, and would thus be applicable to both pre-LB 567 and post-LB 567 sentences. See, Gochenour v. Bolin, 208 Neb. 444
at 449, ___ N.W.2d ___, 77 SCJ 456 at 461 (1981).
The court further held that the provisions of 83-1, 123 automatically established a new prison term. However, the prisoner remains eligible for reparole at the discretion of the Board of Parole. He is not entitled to a discharge from custody until the remainder of his maximum
prison term has been served. Section 83-1,123 makes no provision for or reference to the application of statutory good-time to this `new' term of imprisonment.
2. The second question raised is whether a prisoner may have any portion of the statutory good-time forfeited pursuant to Neb.Rev.Stat. § 83-1,123 (Reissue 1976) restored to him by the Director of the Department of Correctional Services following a parole revocation. If a new prison term is established by operation of statute, we find no authority for its administrative alteration by the Department of Correctional Services. Therefore, in our opinion, the Department of Correctional Services presently lacks the authority to alter any sentence affected by § 83-1,123 as we discussed in number one above.
3. Finally, you ask whether work release and furloughs are considered a form of parole. We have consistently stated that furloughs and work and educational training programs fit within the definition of `parole.' See, Opinion of the Attorney General No. 184, February 23, 1976; and Opinion of the Attorney General No. 249, September 2, 1976. We see no basis for altering this previous conclusion.
Very truly yours, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General