THOMAS D. LUXFORD, APPELLANT, V. CHARLES L. BENSON, DIRECTOR, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, ET AL., APPELLEES.

341 N.W.2d 925

Filed December 30, 1983. No. 83-193.

Vincent M. Powers, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Thomas D. Luxford brought an action for declaratory judgment to determine whether his "good time" was properly computed by the Nebraska Department of Correctional Services. The district court adjudged that the Department of Corrections had properly consolidated Luxford's sentences and calculated his "good time" under L.B. 1307, 1969 Neb. Laws, ch. 817, p. 3071. Luxford appeals and we affirm.

On September 15, 1972, Luxford was sentenced to 7 years' imprisonment. He escaped from custody on June 10, 1974, and remained a fugitive until July 5, 1979. On December 17, 1979, after his return to prison, Luxford was sentenced to a term not less than 5 nor more than 6 years for his escape from prison. The sentence for escape was consecutive to Luxford's sentence imposed in 1972. Luxford's sentences were consolidated to a term of 12 to 13 years, commencing on September 15, 1972, plus 5 years and 25 days attributable to Luxford's absence from prison during his escape.

The district court, by utilizing L.B. 1307, determined that Luxford's mandatory parole date was July 30, 1985, and that his mandatory discharge date was October 9, 1990. Calculation under 1975 Neb. Laws, L.B. 567, indicates that a mandatory discharge date for Luxford would be September 9, 1984. The district court found approval of the Board of Pardons had not been sought or received for the retroactive application of L.B. 567 regarding the

consolidated sentences. The trial court concluded that the provisions of L.B. 1307 effective at Luxford's initial sentencing applied to the consolidated term of imprisonment.

This court recently explained the computation of "good time" and the respective relationships of L.B. 567 and L.B. 1307 to "good time." See *Boston v. Black*, 215 Neb. 701, 340 N.W.2d 401 (1983). Luxford's assignments of error coincide with the errors assigned in and disposed by *Boston v. Black, supra*.

Luxford claims that the district court erred in failing to apply retroactive application of L.B. 567, notwithstanding the absence of approval of the Board of Pardons for retroactivity. As noted in *Boston v. Black, supra* at 710, 340 N.W.2d at 407, application of L.B. 567 to shorten the imprisonment of an offender who was initially sentenced prior to the effective date of L.B. 567 without approval by the Board of Pardons "would result in the commutation of a sentence by legislative action. This is a power denied to the Legislature by this state's Constitution." See, also, *Lytle v. Vitek*, 203 Neb. 825, 280 N.W.2d 654 (1979).

Luxford next claims the district court erred by not applying L.B. 1307 to the first sentence and L.B. 567 to the second sentence. Under the statutory structures of L.B. 567 and L.B. 1307, an offender's consecutive term imposed during incarceration is consolidated with the prisoner's previous sentence so that the minimum term of the consolidated sentence is the total or sum of the minimum terms of the subsequent offense and previous offense and the maximum term is the total or sum of the maximum terms of such subsequent offense and previous offense. See Neb. Rev. Stat. § 83-1,110 (Cum. Supp. 1974 and Reissue 1981). The consolidated sentence commences at the date of the initial incarceration. Absent approval of the Board of Pardons, "good time" is computed under the statutory provisions in effect at the date of initial incarceration. See,

*Boston v. Black, supra*; *Gochenour v. Bolin*, 208 Neb. 444, 303 N.W.2d 775 (1981).

As his final assignment of error, Luxford claims the judgment of the district court violated both ex post facto and due process clauses of the U.S. Constitution. In *Boston v. Black, supra*, an attack on the due process aspects of the questioned legislation was resolved against the prisoner. For the reasons given in *Boston v. Black, supra*, Luxford's claim of error pertaining to a due process question is rejected. Concerning the ex post facto claim made by Luxford, the U.S. Supreme Court in *Weaver v. Graham*, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981), set forth a conjunctive test to determine whether a subsequently enacted "good time" law violates the ex post facto clause. "[A subsequently enacted good time law] violates the [ex post facto] Clause if it is *both* retrospective and more onerous than the law in effect on the date of the offense." (Emphasis supplied.) *Id*. at 30-31. "The fact of the matter is that application of the law embodied in L.B. 1307 to determine offenders' good time rights took place not at the time they were convicted of the subsequent offenses but at the time they began serving their initial sentences." *Boston v. Black, supra* at 710, 340 N.W.2d at 407-08. Luxford's claim does not fulfill the first requirement, namely, retrospection, in order to satisfy the test prescribed by *Weaver v. Graham, supra*. Absent such retrospection, we do not need to proceed any further on the question of whether the questioned legislation is ex post facto.

The judgment of the district court is affirmed.

AFFIRMED.